IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LESTER J. OCHOA, CHARLOTTE R. OCHOA,

    Plaintiffs,

    v.

CAPITAL ONE NA; US BANK NA; MORTGAGE ELECTRONIC REG. SYS.; AMERICORP FUNDING; DAVID A. WEIBEL,

    Defendants.

No. 6:11-cv-6077-HO

ORDER

CAPITAL ONE, N.A.,

    Third-Party Plaintiff,

    v.

RAY KLEIN, INC., OREGON FIRST COMMUNITY CREDIT UNION, and CITIBANK SOUTH DAKOTA, N.A.,

    Third-Party Defendants.

Pro se plaintiffs filed this action in the Circuit Court of

1 - ORDER

the State of Oregon for the County of Linn asserting claims under the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Housing Act, the Oregon Unlawful Trade Practices Act, and the Oregon Mortgage Act, as well as claims for fraud and wrongful foreclosure related to their home mortgage loan. Defendants removed the action to this court and successfully sought dismissal of all claims except the wrongful foreclosure claim. Capital One also filed a third-party claim for judicial foreclosure.

Defendants now seek summary judgment as to the remaining wrongful foreclosure claim and Capital One seeks summary judgment on its claim for judicial foreclosure. In addition, plaintiffs move to compel defendants Capital One, U.S. Bank and Mortgage Electronic Registration Systems (MERS) to produce certain information. Plaintiffs also move to dismiss, cancel debt, and clear quiet title.[1] Finally, plaintiffs seek summary judgment on their wrongful foreclosure claim against defendant David Weibel.

On December 30, 2004, plaintiffs executed a promissory note in favor of Americorp Funding in exchange for a loan of $492,000 to purchase property located in Brownsville, Oregon. Plaintiffs agreed to make monthly payments beginning February 1, 2005. The note is secured by a deed of trust also signed by plaintiffs on December 30, 2004, and recorded in Linn County, Oregon on January 4, 2005. The deed of trust permits sale of the property by the

---

[1] This motion is actually a motion "to dismiss defendant[s'] motion for summary judgment." As such, the court will consider it as an additional response to the motion for summary judgment.

2 - ORDER

lender or trustee upon uncured default and certain notices.

Defendant Americorp subsequently endorsed the note to Chevy Chase Bank and, on January 4, 2005, assigned the deed of trust to defendant MERS as nominee for Chevy Chase Bank. The assignment was recorded in Linn County on November 21, 2005.

After January 12, 2010, and continuing to the present, plaintiffs have failed to make any payments in accordance with the note. On July 21, 2010, a notice of default and election to sell to foreclose the trust deed was recorded in Linn County.

Chevy Chase endorsed the note to defendant U.S. Bank and, on November 23, 2010, defendant MERS, as nominee for Chevy Chase Bank, assigned the deed of trust to U.S. Bank, as trustee to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-3. The assignment was recorded in Linn county on December 21, 2010. U.S. Bank is the current holder of the note and beneficiary of the deed of trust and defendant Capital One is the current servicer of the loan.

On December 1, 2010, the successor trustee, defendant David Weibel, sold the Brownsville property for $462,853.2 to defendant U.S. Bank. Defendant Weibel caused the foreclosure trust deed to be recorded on December 21, 2010. Following foreclosure, plaintiffs did not vacate the property and upon the filing of an eviction claim against them, filed a wrongful foreclosure claim in Linn county.

On July 18, 2011, pursuant to ORS § 86.722, U.S. Bank caused the foreclosure trust deed to be set aside as erroneous and

3 - ORDER

rescinded the non-judicial foreclosure sale. Defendant Capital One is now pursuing a judicial foreclosure.

There is no dispute that plaintiffs have failed to make payments on their loan for over two years and, as of June 2012, need to pay $95,539.03 to bring their loan current. In bringing their own motion for summary judgment against defendant David Weibel, Plaintiffs assert that the nonjudicial foreclosure was wrongful. However, the foreclosure has been rescinded and therefore the issue is moot.[2] To the extent plaintiffs assert a claim for attempted wrongful foreclosure, such a cause of action does not exist.

Oregon recognizes an action for wrongful foreclosure brought post-foreclosure. See Staffordshire Investments, Inc. v. Cal-Western Reconvenyance Corp., 209 Or.App. 528, 149 P3d 150 (2006). However, Oregon does not recognize a claim for a wrongfully attempted foreclosure given the lack of remedy:

> If the foreclosure process had not been aborted prior to sale, plaintiffs could possibly pursue a claim for wrongful foreclosure under Oregon's nonjudicial foreclosure statutes based on the invalid assignment allegations. Without an actual foreclosure, however, it may be that plaintiffs have no remedy for the alleged initiation of the foreclosure process by the wrong entity.

Hulse v. Ocwen Fed. Bank, FSB, 195 F Supp 2d 1188, 1204, n. 5 (D.Or. 2002). Oregon is in accord with "the overwhelming majority of states" which do not recognize a claim for wrongful attempted

---

[2] The court does not find that the foreclosure was wrongful and plaintiffs fails to offer admissible evidence demonstrating that the defendants failed to adhere to the procedures for nonjudicial foreclosure under the Oregon Trust Deed Act.

4 - ORDER

foreclosure. <u>Santos v. Countrywide Home Loans</u>, 2009 WL 3756337 at *3 (E.D.Cal. Nov 6, 2009).

The reason that there isn't a wrongful attempted foreclosure cause of action, is because the remedy provided for failure to conform to Oregon non-judicial foreclosure procedures is the right of redemption, not invalidation of the foreclosure. <u>See</u> ORS §§ 86.739, 86.742 (must demonstrate ability to cure the default). As noted, it is undisputed that plaintiffs are more than $90,000 behind on their mortgage payments and have not demonstrated an ability or even a willingness to cure the default.[3] The Oregon Trust Deed Act provides an opportunity for plaintiffs to cure the default and prevent foreclosure. <u>See</u> ORS § 86.737 (sale can be stopped by paying amount past due up to five days before the sale). Accordingly, plaintiff's motion for summary judgment can be denied on this basis alone. In addition, any claims to set aside the foreclosure and restore title are also moot.

Plaintiffs have also asserted that defendants lack standing to foreclose, that MERS cannot be beneficiary of the deed of trust, and that documents related to the foreclosure were fraudulently executed. The Oregon Trust Deed Act does not prohibit liens to be recorded in the deed of records of counties under an agreement where an agent will appear as a lienholder for the benefit of the initial lender and subsequent assignees of that lender-even where

---

[3] Plaintiffs' argument that there is no default because the note has not been presented and dishonored pursuant to U.C.C. 3-502 is irrelevant. In addition, plaintiffs' argument that the purchase of the loan as part of an asset-backed security excuses them from further payment is meritless.

5 - ORDER

the assignments of the beneficial interest in the record lien are not recorded (so long as they are recorded prior to a nonjudicial foreclosure pursuant to ORS § 86.735(1)). In addition, defendant Capital One, as the servicer of the loan to plaintiffs, is entitled to seek judicial or nonjudicial foreclosure. ORS § 86A.175(3)(e)©.

Plaintiffs' fraud claim has previously been dismissed and there is no legitimate issues of fact that the relevant documents in this case were not fraudulently executed. There can be no dispute that the signatures on the documents, witnessed by a notary, are genuine.

The record establishes that the plaintiffs are in default and that Capital One is entitled to foreclose on the deed of trust. Upon default of the obligation secured by the deed of trust, the beneficiary or its agent may choose to foreclose. In this case, defendants, through Capital One as the Loan servicer, have chosen to seek a judicial foreclosure. See Kerr v. Miller, 159 Or.App. 613, 634 (1999) (where there is a failure in payment obligations, foreclosure may be pursued). In addition, there is no dispute that plaintiffs have not attempted to cure the default. The record also establishes that defendant U.S. Bank's interest in the Brownsville property is superior to all other lien interests that may be secured by the property because that interest was first recorded. Accordingly, the property may be sold to satisfy the plaintiffs' obligations under the promissory note executed by them in December of 2004. Therefore, defendants are entitled to summary judgment as to the remaining claim of the plaintiffs and third-party plaintiff

6 - ORDER

Capital One is entitled to summary judgment on its claim for judicial foreclosure.[4]

## CONCLUSION

For the reasons stated above, defendants Capital One, U.S. Bank and MERS' motion for summary judgment (#39) is granted, plaintiffs' motion for summary judgment (#45) is denied, plaintiffs' motions to compel (#s 46 and 60) are denied, plaintiffs' motion to dismiss, cancel debt and clear title (#47) is denied, and defendant David Weibel's motion for summary judgment (#48) is granted. Defendant and third-party plaintiff Capital One shall submit a proposed judgment.

DATED this 16th day of July, 2012.

_____
United States District Judge

---

[4] Plaintiffs' motion to compel disclosure and resubmission of amended motion to compel are denied because, to the extent it can be discerned what discovery plaintiffs seek, the materials sought are not relevant or material to the motions for summary judgment and do not demonstrate that appropriate discovery has not been provided.

7 - ORDER